UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL T. ZAWACKI,

    Plaintiff,

v.

PNC MORTGAGE et al.,

    Defendants.
_____/

Case No. 1:14-cv-770

HON. JANET T. NEFF

**MEMORANDUM OPINION AND ORDER**

    Pending before the Court is "Plaintiff's Corrected Motion to Remand Action to Ingham Couny [sic] Circuit Court and for Attorney Fees" (Dkt 19) in this action arising from the foreclosure and sheriff's sale of Plaintiff's home. Defendants filed a Response to the Motion (Dkt 23); and Plaintiff filed a Reply (Dkt 24). On Friday afternoon, November 7, 2014, Plaintiff filed an Emergency Motion for a Temporary Restraining Order and Injunctive Relief (Dkt 25), which is also pending. Having reviewed the parties' opposing submissions on the Motion to Remand, the Court concludes that this case is properly remanded based on the lack of federal subject matter jurisdiction. Because the Court lacks jurisdiction over this case, the motion for injunctive relief is properly raised before the state court.

    Plaintiff contends that this case was improperly removed from the Ingham County, Michigan, Circuit Court by Defendant Orlans Associates, P.C., on the basis of federal question jurisdiction, specifically, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, when in fact Plaintiff's Complaint alleges no claim under the FDCPA, and otherwise relies exclusively on state-

law claims. Defendant Orlans argues that in ¶ 75 of Plaintiff's First Amended Complaint, he clearly alleges that Orlans violated the FDCPA; thus, Plaintiff's cause of action necessarily arises under federal law. The Court finds Orlans' argument without merit.

Plaintiff's original complaint alleged separate counts against Orlans under the FDCPA, Count VI, and the Michigan Debt Collection Practices Act, Count V (*see* Orlans' Resp., Ex. 2, p. ID# 165-168). Each count alleged specific violations of the respective federal or state statute associated with that count. Prior to removal to this Court; however, Plaintiff filed a First Amended Complaint (FAC), which omitted the FDCPA count (Count VI), leaving only the Michigan Debt Collection Practices Act, Count V (*see* Orlans' Resp., Ex. 3 at p. ID# 257-259). While Plaintiff's amended complaint does have a passing reference to the FDCPA in the Michigan Debt Collection Practices Act count, Plaintiff asserts that this reference was accidental and mistaken. Logic accords with Plaintiff's assertion based on the plain allegations of the FAC.

Both Plaintiff's original complaint and the FAC contain the same passing reference to the FDCPA under the Michigan Debt Collection Practices Act (Count V), stating:

> Orlans failed to provide Plaintiff with the required foreclosure notifications and opportunity for loan modification in accordance with MCL § 600.3220 and MCL § 600.3204( 4) as outlined above, and otherwise violated the Michigan foreclosure laws, as well as the Fair Debt Collection Practices Act and the Michigan Debt Collection Practices Act.

(FAC, ¶ 75; Orlans' Resp., Ex. 3 at p. ID# 257-258; Ex. 2 at p. ID# 165-166). However, the only violations of the FDCPA alleged were in Count VI of the original complaint, which count was clearly omitted from the FAC. Logic dictates that the passing reference to the FDCPA in Count V was not, and is not, alleging a claim under the FDCPA, since such violations were expressly

delineated in only the subsequently-omitted Count VI.[1]  It is clear from these circumstances that Plaintiff effectively deleted his claim under the FDCPA, despite the inadvertent passing reference to the FDCPA in Count V.  There being no other claim or cause of action under federal law, no federal question exists as the basis of this Court's jurisdiction.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 1331.  Accordingly, this case must be remanded to state court, where both the merits of the substantive claims and the issue of injunctive relief are properly considered.

Plaintiff requests attorney fees of $3,000 in conjunction with his motion to remand, 28 U.S.C. § 1447(c), asserting Orlans' removal was in bad faith and utilized simply to gain advantage and/or delay.  The Court declines to award attorney fees under the circumstances presented, where Orlans' removal was based on Plaintiff's own reference to the FDCPA in his amended complaint, albeit by mistake or accident.

**THEREFORE, IT IS ORDERED** that Plaintiff's Corrected Motion to Remand Action to Ingham Couny [sic] Circuit Court and for Attorney Fees (Dkt 19) is GRANTED IN PART and DENIED IN PART; Plaintiff's Motion to Remand is **granted**; however, Plaintiff's Motion for Attorney's Fees is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion for a Temporary Restraining Order and Injunctive Relief (Dkt 25) is DENIED **without prejudice**.

---

[1] That the passing reference was accidental is further supported by the fact that the same boilerplate dual-statute paragraph was also included in the omitted FDCPA count although that count contained only allegations of violations of the federal statute.

**IT IS FURTHER ORDERED** that this case is remanded to Ingham County Circuit Court.

Dated: November  10, 2014                              /s/ Janet T. Neff
                                                                                  JANET T. NEFF
                                                                                   United States District Judge